# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

Lewis Ernest
_Defendant_

ORDER OF DETENTION PENDING TRIAL

Case Number: 11-30094

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☐ clear and convincing evidence  ☐ a preponderance of the evidence that

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

12/1/11
_Date_

_Signature of Judge_

**MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE**
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Lewis Ernest Detention Order

On March 1, 2011, Defendant appeared before this court on a criminal complaint which alleges that Defendant possessed with the intent to distribute Crack Cocaine and Marijuana. Bond was set at $10,000 (unsecured) with conditions, one of which was that the defendant neither use nor possess any controlled substances not prescribed by a licensed health care professional. In May 2011, June 2011 and October 2011 Defendant tested positive for narcotics, failed to complete drug treatment, and failed to clear his active warrant within the prescribed 90 day period, all in violation of his bond conditions.

On October 20, 2011 Defendant appeared in this court for a bond violation hearing. Defendant's bond conditions were continued, with the amended condition of zero tolerance for any positive drug tests, diluted samples, or missed drug tests. Zero tolerance was also applied to any failure to comply with any substance abuse treatment requirements.

On October 25, 2011 Defendant entered into a 28 day inpatient substance abuse treatment program at Community Programs Inc. in Waterford, Michigan. Defendant's participation in treatment was reported as limited and he participated minimally in activities. Defendant was primarily focused on his medical condition (hemorrhoids). Defendant was transported to Doctor's Hospital in Pontiac on October 31, 2011. He was released the same day with a prescription as was advised to follow up with his primary care physician at some time in the future. Defendant was drug tested upon his return from the hospital on October 31, 2011 and he tested positive for marijuana and opiates. The positive opiate findings may be explained by the fact that Defendant was given Delaudid while in the hospital.

On November 1, 2011 Defendant asked his supervising Pretrial Services Officer if he could leave the facility and travel to Jackson, Michigan to see his primary care physician. He was advised _not_ to travel to Jackson while he was undergoing drug treatment, but to seek treatment locally. Defendant refused to accept this instruction and refused to arrange for payment of his co-pay for the necessary medication. His therapist believes that Defendant was using his medical condition as a pretext for manipulating the staff while in treatment.

On November 4, 2011 Defendant left the facility against the advice of staff. An arrest warrant was issued. Defendant made contact with Pretrial Services on the same date, November 4, 2011 and he was advised on that date to turn himself in to the United States Marshals Service.

On November 30, 2011 Defendant turned himself in on he active warrant. Defendant maintains that during the 26 day hiatus he was taking care of his medical needs. Pretrial Services maintains that Defendant absconded.

On October 20, 2100 Defendant was continued on bond with strict conditions of ZERO TOLERANCE. Defendant's actions while on bond indicate that he has failed to comply with the conditions of his bond.  The zero tolerance condition applied to and included any failure to comply with any of his substance abuse treatment requirements.  In view of Defendant's violation of his zero tolerance condition, his failure to complete treatment, his positive drug test results, his walking away from his drug treatment program, there is more than a preponderance of the evidence to support this Court's order that Defendant's bond be revoked.  Detention is therefore Ordered.